UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00360-H

CHARLES S. KIMBERL et al                                                    PETITIONER

V.

DIRECTOR, INDUSTRY OPERATIONS
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES                                                    RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This is an appeal from the determination of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that the dealer license of Charles S. Kimberl ("Petitioner") should be revoked. The Court reviews the revocation *de novo*.

The undisputed facts are that Petitioner initially held the firearms license solely in his own name, but doing business as Danny's Gun Repair ("Danny's"). Scott Stoke was a participant in the business along with Petitioner. Scott Stoke did, in fact, run the day-to-day operation of Danny's. Petitioner visited the store only occasionally. After Scott Stoke was determined to be an actual manager of the Danny's store, Petitioner added him as a responsible person on the firearms license. The ATF concluded as the license holder, Petitioner was responsible for running the business.

Also undisputed are the facts of the violations of federal law. Scott Stoke admits that his son had access to the store and took various weapons over a several year period. Scott Stoke also knew that his son was a felon and addict, both of which were not permitted for one working at a licensed firearm dealer or having access to the weapons sold there. It was, in fact, a

violation of ATF regulations and federal law for Scott Stoke's son, Wesley, to possess weapons. All of this is true whether or not Wesley Stoke was an employee.

Petitioner argues that he did not know of these violations and should not be held responsible for them. He says that as soon as he learned of the federal violations, he terminated Scott Stoke's participation in the business.

From the evidence, this Court finds that as licensee, Petitioner had a responsibility to follow applicable laws in running Danny's. However, at best he seems to have been completely indifferent to his responsibilities that Danny's follow all applicable laws. Whether Wesley Stoke was an employee or a person allowed complete access to the weapons, is not decisive. There is no dispute that to both he and Scott Stoke violated federal law. The violations were serious and systematic. That the violations did not benefit Petitioner is completely irrelevant. In these circumstances of such clear and flagrant violations, Petitioner cannot escape responsibility merely by saying that he was unaware of them or that he is immune from the consequences of their acts. This Court would agree that where Petitioner is completely indifferent to his responsibilities, he is responsible for the willful and intentional acts of those who operate the business for him.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decision of the ATF to revoke Petitioner's firearm license is SUSTAINED and this case is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record